OPINION OF THE COURT
Edward S. Conway, J.
This is a motion by the defendants for an order for partial summary judgment dismissing the plaintiffs’ complaint with respect to the issue of the defendants’ regulations requiring plaintiffs to initiate a program of contact visitation for prisoners in facilities under their jurisdiction.
In June of 1976, the defendants promulgated, pursuant to subdivision 6 of section 45 of the Correction Law, certain rules and regulations covering six different subject areas concerning county jails one of which involved contact visitation (9 NYCRR Part 7008).
Plaintiffs, 51 county Sheriffs of New York State, commenced this action on November 19,1976 seeking declaratory and injunctive relief with respect to those regulations. A preliminary injunction against the enforcement of the regulations is currently in effect, having been granted by order of Honorable Roger J. Miner, Justice of the Supreme Court, as to some of the regulations and extended by the *708 Appellate Division, Third Department, as to the other regulations. Defendants then served an answer to the complaint on April 6, 1979 and now make the instant motion for partial summary judgment on the issue of the defendants’ regulations requiring plaintiffs to initiate a program of contact visitation for prisoners in facilities under their jurisdiction.
Defendants contend that in light of the decision of the New York Court of Appeals in Cooper v Morin (49 NY2d 69, mot to reargue den 49 NY2d 801, cert den sub nom. Lombard v Cooper, 446 US 988), there are no longer any triable issues of fact to be decided with respect to the contact visitation regulations.
This court must agree with the contentions of the defendants. The regulations pertaining to contact visitation found in 9 NYCRR Part 7008 are reasonable and rational and are not arbitrary in this court’s opinion. The guidelines for the implementation of these regulations provided by defendants define them with clarity and the regulations themselves provide for security measures to protect the safety and good order of the facility and provide the means for the plaintiffs to fulfill their duty under section 500-c of the Correction Law.
The plaintiffs’ opposition to instituting programs of contact visitation is based upon security and financial hardships which have been found by the court in Cooper v Morin (supra) to be insufficient bases for the denial of the fundamental rights of detainees in the facilities.
Although the court in Cooper v Morin (supra) mandated contact visitation only for pretrial detainees, there is no rational basis for denying the same program to those prisoners in local facilities who have been convicted and sentenced, in this court’s opinion.
The issues of security and financial hardship are, therefore, no longer triable issues of fact, and the defendants’ motion for a partial summary judgment dismissing the plaintiffs’ complaint as to contact visitation is granted.